RUTHENBURG v. HOFFMAN et al.

(Circuit Court of Appeals, Seventh Circuit, January 2, 1907.)

No. 1,288.

ACCOUNT—SUIT FOR ACCOUNTING—SUFFICIENCY OF EVIDENCE.

Evidence considered in a suit for an accounting, and *held* insufficient to sustain a complainant's claim to the ownership of a one-fourth interest in an electric light company, it not being shown that any stock was ever issued to him; but on the other hand that, after his discharge as manager of the company, he made no claim to any interest therein for more than 10 years.

Appeal from the Circuit Court of the United States for the District of Indiana.

The bill was to take an accounting of the value of one hundred and twenty-five shares of the New Albany Light, Heat and Power Company, said to belong to appellant, and to have been included in defendants' sale of the stock of that company to the United Gas and Electric Light Company, of Jeffersonville, Indiana—the decree appealed from, having dismissed the bill for want of equity. The facts are stated in the opinion.

Alfred Selligman, for appellant.

Chas. L. Jewett & Henry, and M. Dowling, for appellees.

Before GROSSCUP, BAKER and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge, delivered the opinion.

Sometime in 1890, appellant, a mechanical and electrical engineer, organized and installed in the city of New Albany an electric light plant, obtaining the materials on credit, and retaining in himself, chiefly, the ownership of the capital stock of the owning company. In the spring of 1891, owing to the pressure of creditors—no actual money of any consequence having been put into the capital stock—the company made an assignment for the benefit of its creditors; in pursuance of which the property was sold at auction in due course (July, 1891), to a syndicate composed of Hoffman, Barth and Briggs, including appellant, according to appellant's claim of fact, but not including him, according to appellees' claim.

Following this sale, appellant became general manager under a verbal contract. But after the lapse of forty days, a written contract was entered into that allowed him one hundred dollars per month, and a certain percentage upon net earnings. Six or seven months later appellant left the service, under circumstances disclosing an acute disagreement between him and Hoffman, Barth and Briggs—a disagreement that led them to lock the doors of the establishment against him. And between this and 1903, when the bill was filed, a period of 10 years, nothing occurred between the parties respecting this transaction. The bringing of this suit, so far as the record discloses, was the first claim made by appellant to an interest in the capital stock of the new company.

The theory of the bill is that at the auction sale in 1891, it was agreed that while Hoffman, Barth and Briggs should furnish the price bid (forty thousand dollars) the capital stock of the new concern (fifty thousand dollars) should be divided into four parts, appellant to have the one-fourth. This the answer denies.

Briggs died in 1895, Barth in 1901; so that the only living parties to the alleged transaction are Hoffman and appellant. Appellant testifies that the alleged agreement was made; Hoffman that it was not; and beyond that, there is no corroboration of appellant's testimony, except certain circumstances—such as certain alleged entries in an alleged minute book, an alleged stock certificate book, and the disappearance of these books—circumstances that, themselves, have no existence in proof, except as appellant states them. True, there is on the books of the company, as such books were introduced in evidence, the entry of the purchase of a stock certificate book, as also an entry showing that the entire capital stock of the company, at the beginning of its existence, was credited to appellant. But appellant's own testimony shows that this stock credit was for the purposes of bookkeeping only; and, considering the sale of the plant (the books were transferred from New Albany to Chicago) the disappearance of the original stock book, if there was one, is not a matter of great significance.

Supporting Hoffman's denial of the alleged contract is the inherent improbability of appellant being turned out of a business of which he was one-fourth owner, without demanding something that would evidence his ownership—an improbability increased by the fact that when his compensation as manager was under negotiation he was not content with an oral contract, but required, and obtained, a written contract. It is hard, too, to believe that throughout ten years appellant would show no interest in his alleged ownership—a lack of interest that continued even after the sale of the property to the United Gas & Electric Company, for nearly a year. We are unable to find that the alleged agreement is established by the proof. On this state of the proof, the decree below must be

Affirmed.